UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12 CR 697 |
| ) | Judge Virginia M. Kendall |
| ANTWAN JONES, ) | |
| Defendant. ) | |

**ANTWAN JONES' POST-TRIAL MOTIONS FOR JUDGMENT OF ACQUITTAL AND FOR A NEW TRIAL**

Defendant, **ANTWAN JONES,** by and through his attorneys, **SCOTT D. SHERWIN** and **RENEE A. WOODWARD,** pursuant to Rules 29(c) and 33 of the Federal Rules of Criminal Procedure, moves for a Judgment of Acquittal on all counts of conviction; or, in the alternative, for a new trial.

**I.      Motion for Judgment of Acquittal Pursuant to Rule 29(c)**

On October 2, 2014, Antwan Jones was found guilty on Counts One, Two, Four, Five, Six, Seven, Nine, Ten, and Eleven of the Superseding Indictment, following a jury trial before this Court.  Mr. Jones' convictions should not stand a rational jury could not conclude beyond a reasonable doubt that Mr. Jones was guilty.

Federal Rule of Criminal Procedure 29 (Rule 29) requires the entry of a judgment of acquittal where "after viewing the evidence in the light most favorable to the United States, the trial court finds that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The verdict of a properly instructed jury is not sacrosanct. *United States v. Radomski*, 473 F.3d 728 (7th Cir. 2007). As the Supreme Court has previously noted, "a properly instructed jury may occasionally convict even when it can be said that no

rational trier of fact could find guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. at 318. A defendant challenging the sufficiency of the evidence of his guilt is "not required... to demonstrate that no evidence at all supports the conviction," but rather only that the evidence does not support a finding of guilt beyond a reasonable doubt. *United States v. Rahman*, 34 F.3d 1331, 1337 (7th Cir. 1994).

The verdict in a criminal case may be sustained only where there is sufficient probative evidence upon which the jury could have found, beyond a reasonable doubt, each and every element of the crimes charged. *United States v. Martensen*, 322 U.S. 369 (1944). Moreover, while "a conviction may be based solely on reasonable inferences from circumstantial evidence, a conviction cannot rest on mere speculation or conjecture." *United States v. Pinchney,* 85F.3d 4,7 (2nd Cir. 1996). And, where the evidence of a crime is "equally consistent with a theory of innocence as a theory of guilt, [the] evidence necessarily fails to establish guilt beyond a reasonable doubt." *United States v. Harris*, 942 F.2d 1125, 1129-30 (7th Cir.1991).

Within the past several years, the Seventh Circuit has acknowledged that "[j]udges do not set aside jury verdicts very often, and when they do, they must have a good reason for doing so." *United States v. Murphy*, 406 F.3d 857, 861 (7th Cir. 2005). In making that observation, however, the Seventh Circuit also demonstrated that it will uphold a district court's decision to grant a Rule 29 motion, even in the face of a jury's verdict and strong government protestations, where the district court finds "no evidence on which a rational jury could have returned a guilty verdict." Id.

The evidence in this case was insufficient to convict Mr. Jones on the charged offenses. The government failed to prove beyond a reasonable doubt that Antwan Jones

participated in the charged offenses. During closing arguments, the government told the jury: "You have snapshots. You have glimpses of the kind of business defendant was doing in these different transactions we talked about this morning." Tr. 1101. The government's case was just that – snapshots but not real evidence.[1] The government conducted approximately eleven months of wiretaps and the 'snapshot' it presented is the totality of its case. There was no substantive evidence of 'more transactions' or the government should have presented it. The government's case must be limited to the actual evidence presented. It cannot be based on speculation or extrapolation.

**Testimony of Officers**

A number of officers testified at the trial – approximately thirteen - but their only substantial testimony was that: 1. Jarvis Paige purchased something from the sleeping aid section of CVS (Tr. 121), 2. during a wall-off stop of Jarvis Paige, Rockford Police Department found crack cocaine, heroin, and marijuana (Tr. 280-290), and 3. officers found cocaine in a vehicle after a stop of Javier Diaz. (Tr. 728-742)  Officers testified to witnessing individuals carrying bags to vehicles, but did not stop them or attempt to recover the bags (Tr. 234, 241, 246, 379), or see any drugs transactions involving Antwan Jones or near 607 East 60th Street (Tr. 274)   Furthermore, there was absolutely no testimony from any officer regarding Mr. Jones use of a handgun

**Testimony of Calvin Nelson and Edward Parker**

Calvin Nelson's testimony was not only suspect because of his history of mental illness and drug addiction, and the lenient treatment he received from the government in

---

[1] The government's argument that their case was a 'snapshot' was improper. It invited the jury to speculate beyond the evidence presented. It invited the trier of fact to extrapolate to a drug amount not based on the evidence.

exchange for his trial testimony –sixty percent of the low end of the guideline range (with no mandatory minimum) (Tr. 400-402), but because his testimony was so riddled with lies, contradictions and inconsistencies that it rendered the evidence insufficient to sustain a conviction as a matter of law. Much of his testimony was logically impossible, making it incredible as a matter of law. See *United States v. Garner*, 581 F.2d 481 (5th Cir. 1978); *United States v. Rivera,* 775 F.2d 1559, 1561 (11th Cir. 1985) Yet, this was the government's main witness. Mr. Nelson's testimony consists of contradictions and lies. As examples: He testified to the grand jury that he only sold heroin to Patrick Givens, yet at trial denied this. He told the government that Mr. Jones kept narcotics in James Jones' apartment, but at trial did not remember. (Tr. 877). He told the government that he went to the third floor apartment on just one occasion with Edward Parker, but at trial does not remember. (Tr. 877)

      Furthermore, Mr. Nelson admitted to using crack every day or every other day, heavy alcohol use, and snorting heroin every day during the time of the indictment (Tr. 586). On the day of his arrest, Mr. Nelson had heroin and cocaine in his system. (Tr. 406). Mr. Nelson also suffered from depression in 2012, and admitted to hearing voices, and forgetfulness (Tr. 597 – 599).

      Almost everything he testified to was a vague recollection. Mr. Nelson throughout his testimony cannot provide specific information about what he allegedly witnessed or was directly involved in. (Tr. 496-500, 544-547) He testified about Mr. Jones selling crack cocaine to customers – that Mr. Jones sold cocaine from February 2010 until June 2012 - but could not provide additional information as to the season or month. (Tr. 487). He testified to seeing Mr. Jones receiving a kilogram of cocaine from

4

Pelon, and to receiving a kilogram of cocaine from Moose on five occasions, but did not or could not say when. (Tr. 426, 428). He also testified to witnessing two Latino individuals and Derrick deliver cocaine to Mr. Jones, but could only say it was between five to ten times, and could not provide an exact timeline to these alleged deliveries. (Tr. 431). He gave very similar testimony as to Odell Givens – testifying Mr. Givens gave Mr. Jones a half a kilogram of cocaine more than five times, but less than ten times, and again he could not provide the dates of these deals. (Tr. 445). (It should be noted that generally these meetings are not reflected in the testimony of law enforcement during the trial or from the wiretap calls played at trial.)

    The Supreme Court has defined reasonable doubt as "a subjective state of certitude of the facts in issue." *In re Winship*, 397 U.S. 358, 364 (1970). With Mr. Nelson's ample credibility problems, no reasonable person could draw any conclusions with subjective certitude based on his assertions. By definition, therefore, there is reasonable doubt about Mr. Nelson's testimony.

    Edward Parker's testimony is also suspect due to the lenient treatment he received from the government in exchange for his testimony, and his drug addiction. His plea agreement requires that he serves fifty-five percent of the low end of the guideline range (likely fourteen years) or fifty-five percent of the mandatory minimum – his guideline range is 360 to life in prison, with a mandatory minimum of twenty-years. (Tr. 297-298, 355-357), He also admitted to an heroin addiction during his involvement in the case. (Tr. 299, 353). Additionally, his testimony is full of speculation and lacking facts. He stated that he mostly delivered quarter kilograms of cocaine to Mr. Jones, but delivered a half a kilogram to him on one occasion. (Tr. 310 – 311). He testified about delivering

5

cocaine to Mr. Jones on four occasions, but does not specify the amounts. (Tr. 337, 339, 340, 351) When asked about the specific occasions, Mr. Parker cannot remember or does not know what drugs and/or what quantity of drugs Odell Givens wanted him to deliver to Mr. Jones. (Tr. 334-336, 343)

**Count One**

Specifically, as to Count One – the conspiracy count, the government failed to prove that Mr. Jones conspired with Calvin Nelson and James Jones to possess with intent to distribute and to distribute a controlled substance: namely 5 kilograms or more of cocaine, and 280 grams or more of cocaine base. The wire calls and testimony of Calvin Nelson and Edward Park do not equal a conspiracy. First, no evidence was presented that this was anything more than a buy/seller relationship between Calvin Nelson and Mr. Jones. Secondly, the government's case failed to prove a specific drug amount beyond a reasonable doubt. Calvin Nelson's testimony was wholly incredible. It lacked specificity as to date and time of the transactions he recollected. His testimony also lacked specificity as to the form of the transactions, powder or crack. It allowed for 'double counting' since the government alleged that Defendant Antwan Jones cooked powder into crack cocaine. Cocaine that began in powder form then cooked into crack form, would be subject to double accounting. The specific transactions supported by the taped conversations and the amount actually recovered is well below five kilograms.

**Count Eleven**

As to Count Eleven – the gun count – the government failed to prove that Mr. Jones possessed a firearm in furtherance of a crime. On the date of Mr. Jones' arrest, June 6, 2012, the government discovered a gun hidden in a compartment of a vehicle located

in the garage of 607 East 60th Street. Prior to that date, the government had no clue of the gun's existence – that is because Mr. Jones was never seen with a gun, and was never heard discussing a gun on wiretaps. The evidence at trial only showed that there was a gun in car located in the garage of 607 East 60th Street. There were no witnesses who saw Mr. Jones with a gun, let alone using it in a course of the alleged conspiracy. There was no discussion of gun being used in furtherance of any crime. Additionally, Mr. Jones had a valid FOID card until his arrest in this case, and as such, he was legally allowed to possess a gun. During it's closing – the government attributed the use of the gun found as a tool of the drug trade – used to protect drugs and/or money – this was completely speculative and prejudicial. (Tr. 1169-1171) It was also unsupported by any evidence. As the record is devoid of substantive evidence to support the conviction on this count.

There was plainly a deficiency in proof of the charged crimes, and Mr. Jones' convictions should not be permitted to stand. In light of the incredible, inconsistent and contradictory testimony of Calvin Nelson and Edward Parker, this court should enter a judgment of acquittal. The government's case against Mr. Jones is empty without the testimony of Edward Parker and Calvin Nelson. In light of the failure of proof set forth above, the Court would be well within its discretion to find that the evidence is "equally consistent with a theory of innocence as a theory of guilt," and that therefore "[the] evidence necessarily fails to establish guilt beyond a reasonable doubt." *See, Harris, supra*.

## II. Motion for a New Trial Pursuant to Rule 33

This court should vacate the jury's verdict and grant a new trial pursuant to Federal Rule of Criminal Procedure 33– based on actions that occurred before and during

the trial. Rule 33 provides that a trial court may grant a new trial "if required in the interest of justice." *United States. v. McGee,* 408 F.3d 966, 979 (7th Cir. 2005 *quoting* Fed. R. Crim. P. 33)*; United States. v. Christ,* 513 F.3d 762, 775 (7th Cir. 2008). A new trial must be granted when the verdict is contrary to the evidence, where the verdict, if permitted to stand, results in the miscarriage of justice, or because of newly discovered evidence. *United States. v. Presbitero,* 569 F.3d 691, 706 (7th Cir. 2009); *United States. v. Swan,* 486 F3d 260, 266 (7th Cir. 2007); *United States. v. Indelicate,* 611 F.2d 376 (1st Cir. 1979); *United States v. Balistrieri*, 577 F.Supp. 1532 (E.D. Wisc. 1984); *United States v. McGee,* 408 F.3d at 979.

A trial court has inherently broad power to grant this form of relief "for any reason it concludes that trial has resulted in a miscarriage of justice." *United States v. Allied Asphalt Paving Co.*, 451 F.Supp. 804 (ND. Ill. 1978). The verdict here should not be permitted to stand in that the substantive evidence introduced against Mr. Jones would not permit a trier of fact to have found each and every essential element of the crimes charged against him beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979).

Furthermore, new evidence has apparently come to light, which would require this court to grant a new trial. Rule 33 allows this court to vacate a judgment if upon the discovery of new evidence if it is "established that the evidence: "(1) came to his knowledge only after trial; (2) could not have been discovered sooner had due diligence been exercised; (3) is material and not merely impeaching or cumulative; and (4) would probably lead to an acquittal in the event of a retrial." *United States v. McGee*, 408 F.3d at 979.

There are a number of others cases in the Northern District of Illinois that are tangentially related to this present case. It appears that some of the discovery in those cases (most likely in United States v. Hoskins, 2013 CR 772) has relevance to this case, and yet counsel for Mr. Jones never received it. At this time, counsel cannot answer whether the evidence is material and would lead to an acquittal. But counsel does ask that the government tender to it any and all discovery from United States v. Hoskins, 2013 CR 772.

**Other Errors**

The evidence in this case weighed heavily against the jury's verdict as to Mr. Jones.

The Court erred in denying certain of the defendant's pretrial motions, including but not limited to the following: expert witness (docket number 116)

In addition to the arguments in this motion, Mr. Jones adopts all arguments made pretrial or at trial concerning this evidence.

That the Court erred in overruling various objections made by defendant's counsel during the trial, including, but not limited to the examination of Officer Hladik (Tr. 380) and Calvin Nelson (Tr. 410-411), and objections during the government's closing argument relating to the gun and Count Eleven (Tr. 1171-1172).

The Court erred in allowing any government instructions that were objected to by the defense and denying instructions tendered by the defense in whole or in part, including but not limited to: an instruction relating to a buyer/seller relationship.

The Court erred in sustaining various government objections throughout the trial.

Furthermore, the government failed to prove Mr. Jones guilty beyond a reasonable doubt. And the verdicts are against the weight of the evidence. The government failed to prove every material allegation of each count of the Superseding Indictment beyond a reasonable doubt.

Mr. Jones incorporates as though fully set forth herein the arguments made in writing in his pretrial motions, as well as those arguments made orally in open court.

Mr. Jones incorporates as though fully set forth herein the arguments made in any additional written motions, as well as those arguments made orally in open court.

Mr. Jones incorporates by reference the record of objections made throughout the trial and at the instruction conference.

The cumulative effect of the variety of errors at trial requires that in the interests of justice, Mr. Jones be granted a new trial.

WHEREFORE, for the various reasons urged before and during the trial, for the reasons suggested herein and as a result of single as well as cumulative errors and as may appear from the transcript of trial proceedings, Mr. Jones respectfully requests a judgment of acquittal or a new trial.

                Respectfully submitted,

                /s/ Scott D. Sherwin
                Scott Sherwin
                Attorney for Antwan Jones

Scott D. Sherwin
Law Office of Scott D. Sherwin
162 W. Grand
Chicago, Illinois 60654
(312) 236-2010

## **CERTIFICATE OF SERVICE**

I hereby certify that foregoing Defendant Antwan Jones' Post-Trial Motions for Judgment of Acquittal and/or for a New Trial was served on February 15, 2015 in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

S/Scott D. Sherwin

Scott D. Sherwin
Law Office of Scott D. Sherwin
162 W. Grand
Chicago, Illinois 60654
(312) 236-2010